# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOSEPH E. HUNTER,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-375**   (Cir. Ct. Kanawha Cnty. Case No. CC-20-2022-C-779)

**JOSHUA BURDETTE,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph E. Hunter appeals the September 9, 2024, order of the Circuit Court of Kanawha County which found that he did not meet his burden of proof to establish his claim to the property at issue in this matter. Respondent Joshua Burdette filed a response.[1] Mr. Hunter filed a reply. The issue on appeal is whether the circuit court erred in granting judgment in favor of Mr. Burdette.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 15, 2022, Mr. Hunter filed a pro se complaint against Mr. Burdette in the circuit court, alleging that he is the rightful owner of the parcel of property on which Mr. Burdette resides. Mr. Burdette filed an answer denying Mr. Hunter's claim to the property, and asserted a counterclaim for harassment.

The circuit court held an evidentiary hearing on April 11, 2024, during which Mr. Hunter's then-counsel, O. Gay Elmore, Jr., Esq., appeared with him. Mr. Hunter presented witness testimony from Timothy Keely, a licensed surveyor, and testified on his own behalf. Mr. Burdette appeared and was permitted to cross-examine both witnesses. The court directed Mr. Hunter to prepare a title examination of the subject property and to bring the results to the next hearing, scheduled for August 9, 2024. Mr. Elmore withdrew from his representation of Mr. Hunter shortly thereafter.

---

[1] Both parties are self-represented.

1

At the August 9, 2024, hearing, Mr. Hunter failed to produce the title examination to the court as instructed. Mr. Burdette called three witnesses. First, Brian Burdette testified that he came into ownership of the property by deed dated October 30, 2017. Second, Randall Campbell, who works in the mapping department of the Kanawha County Assessor's Office, testified as to his prior interactions with the parties and his knowledge regarding surveyor Randy Crace's relevant work. Mr. Campbell testified that Mr. Crace performed a survey on the property, revealing inaccuracies on the Assessor's tax map, and that once the Assessor's Office received Mr. Crace's survey, it updated the tax map accordingly. Finally, Mr. Burdette called John Barth, Mapping Supervisor for the Assessor's Office, who concurred with Mr. Campbell's testimony and stated that Mr. Hunter had been in the Assessor's Office numerous times over the years. Mr. Barth stated he never understood Mr. Hunter's factual basis for his claim to the subject property, and he disagreed with Mr. Hunter's interpretation of the tax maps. Mr. Hunter was permitted to cross-examine these witnesses. The circuit court again directed Mr. Hunter to present a title examination of the premises by August 30, 2024. He again failed to do so. Mr. Burdette also failed to present evidence of his counterclaim, and the circuit court found that he chose not to prosecute the matter.

The circuit court found that Mr. Hunter, failing twice to present the ordered title examination, did not meet his burden of proof. Further, it held that the testimony and evidence presented at the court's hearings did not substantiate his claim. Accordingly, in its September 9, 2024, Final Order, the court found that Mr. Hunter's claim failed and granted judgment in favor of Mr. Burdette. It is from that order that Mr. Hunter now appeals.[2]

Our standard of review in this matter is as follows: "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 6, *In re Donald M.*, 233 W. Va. 416, 758 S.E.2d 769 (2014) (citing Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996)).

On appeal, Mr. Hunter raises four assignments of error. First, he argues that Mr. Elmore, who withdrew from his case, was "infringed upon of being [his] helper in this matter" after he "offered genuine evidence of ownership" because the circuit court "told him he didn't file [Mr. Hunter's] case." Second, he states that the circuit court refused to accept his evidence of ownership presented at the hearing, including his deed, chain of title, and surveyor map. Third, he argues the circuit court allowed Mr. Burdette to present a tax map as evidence, which he claims is forbidden. Finally, he claims that the court discriminated against him when it ruled that the property belonged to Mr. Burdette because Mr. Burdette showed no ownership.

---

[2] The order also dismissed Mr. Burdette's counterclaim against Mr. Hunter, but this ruling is not appealed herein.

After asserting each of these assignments of error, Mr. Hunter provides no further explanation or any arguments to support them. For example, Mr. Hunter does not identify with specificity the evidence his former attorney, Mr. Elmore, allegedly produced on his behalf. Nor does he explain how Mr. Elmore's withdrawal from representation is related to the order on appeal or any alleged error by the circuit court. Regarding the second assignment of error, Mr. Hunter has not identified any deed, chain of title, or map that supports his position, nor pointed to anything in the record showing that the circuit court refused to accept his evidence at either evidentiary hearing. As to the third assignment of error, Mr. Hunter offers no supporting facts or law to explain how Mr. Burdette's presentation of a tax map as evidence represents an error by the circuit court. Similarly, we cannot discern how Mr. Hunter alleges the circuit court discriminated against him in its ruling, as alleged in the fourth assignment of error, because there are no facts, laws, citations to the record, or even basic arguments made in support that can assist our understanding. As we have observed previously, we cannot consider indecipherable arguments made in appellate briefs. *See Vogt v. Macy's, Inc.*, 22-ICA-162, 2023 WL 4027501, at *4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal.); *see also Megan W. v. Robert R.,* No. 23-ICA-353, 2024 WL 1592600, at *5 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision) ("It is well established that, '[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim[.]'") (quoting *State v. Lambert*, 236 W. Va. 80, 100, 777 S.E.2d 649, 669 (2015). Because Mr. Hunter's brief is so lacking in basic information outlining his allegations of error by the circuit court in its final order and its judgment for Mr. Burdette, we cannot find that the circuit court abused its discretion based on anything raised by Mr. Hunter.

Accordingly, finding no basis to disturb the circuit court's ruling, we affirm its September 9, 2024, order.

Affirmed.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White